### EZRA PARKHURST *v.* JOSIAH F. MUIR.

To a bill by one of two partners against the other for an account, the bill saying nothing of any settlement having ever been made between them, the answer set up a settlement up to a certain time, and gave an account since the settlement; and the complainant's solicitor took an order of reference to state the accounts.
*Held,* that the Master could not disregard the settlement.

A bill was filed by Ezra Parkhurst against Josiah F. Muir for the dissolution of the partnership of which they were the only members; and for an account of the partnership transactions; and for the appointment of a receiver. Nothing was said in the bill of any settlement having ever been made between them.

The answer set up a settlement between them up to a certain time, and gave an account of the partnership transactions since that settlement. A motion was made for a receiver, which was denied. And thereupon the complainant's solicitor took an order of reference to a master to state the accounts. When the parties appeared before the master the complainant's counsel insisted that the master should state the accounts from the beginning of the partnership. The counsel of the defendant insisted that the effect of the order, under the pleadings in the case, was to confine the account to the transactions of the partnership since the said settlement. And the master postponed the matter, to give an opportunity to take the opinion of the court upon the question.

The matter was afterwards stirred before the court; and a motion also made for a modification of the order of reference, so as to confine it to the partnership transactions since the settlement, if the court should think a modification necessary.

*Runyon* and *A. Whitehead* for the defendants. They cited 15 *Wend.* 83; 7 *Paige,* 573; *Cooper's Eq. Pl.* 278.

*F. B. Chetwood* and *W. Pennington* for the complainant.

THE CHANCELLOR. On a reference like this, on such a state of pleadings, the master was not at liberty to disregard the settlement. Grounds for impeaching the settled account should have been laid in the bill, if the complainant supposed there were any such grounds, so that the defendant could answer as to them.

If proper grounds can be laid before the court, an amendment of the bill may be allowed.